**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY SNAPP, | No. 12-35714 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05577-RBL |
| v. | |
| UNITED TRANSPORTATION UNION, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 10, 2013
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Danny Snapp appeals from the district court's grant of summary judgment to Burlington Northern Santa Fe Railway ("BNSF") on his discrimination claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and related Washington state law claim for wrongful discharge. We reverse and remand for further proceedings.

Once a disabled employee has given an employer "notification of [his] disability and the desire for accommodation," *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1114 (9th Cir. 2000) (en banc), *vacated on other grounds*, 535 U.S. 391 (2002)), "there is a mandatory obligation to engage in an informal interactive process 'to clarify what the individual needs and identify the appropriate accommodation.'" *Id.* (quoting *Barnett*, 228 F.3d at 1112). "[A]n employer cannot prevail at the summary judgment stage if there is a genuine dispute as to whether the employer engaged in good faith in the interactive process." *Barnett*, 228 F.3d at 1116.

Prior to being terminated by BNSF for failure to secure a new position with the company following an extended disability leave, Snapp had sent BNSF a job application letter and a letter from his physician that referred to his ongoing disability and to his need for accommodations to perform certain tasks. While the purpose of the letter may be unclear, it would not be unreasonable for a fact-finder to determine that the letter was a notification of his disability and desire for

accommodation, which may have included reassignment to an appropriate position. 42 U.S.C. § 12111(9)(B). Such a request would have obligated BNSF to engage in an interactive process with Snapp. Consequently, there is a genuine dispute over whether BNSF engaged in good faith in a required interactive process, and failure to do so would constitute discrimination under the ADA. 42 U.S.C. § 12112(b)(5); 29 C.F.R. § 1630.2(o)(3). It was not possible to grant summary judgment to BNSF based on the conclusion that "BNSF did not terminate Snapp because of his disability" where there was a dispute over whether Snapp's termination resulted from BNSF's failure to engage in a mandatory interactive process.

Similarly, the district court erred in granting summary judgment to BNSF on Snapp's wrongful discharge claim because BNSF offered a "justification . . . for Snapp's termination [that] is completely divorced from any possible public policy at issue." Terminating an employee because of his disability would "jeopardize the public policy against discrimination." *Becker v. Cashman*, 114 P.3d 1210, 1215 (Wash. Ct. App. 2005) (citing Wash. Rev. Code § 49.60.180). Because there is a genuine dispute over whether Snapp's termination occurred as a result of BNSF's failure to respond appropriately to requested disability accommodations, summary judgment was not available to BNSF on this record.

**REVERSED** and **REMANDED**.